10034

STATE v. HARVEY *ET AL.*

(96 S. E. 399.)

1. HOMICIDE—JUSTIFIABLE HOMICIDE—VERDICT.—Where two defendants fell into an altercation with deceased, and one killed deceased by shooting as he was about to stab the other, a finding of "not guilty" as to defendant about to be stabbed, and a finding of "guilty" as to the other, cannot be said to be improper, where there was evidence to show that the latter was in a position where he might have been able to save the life of the other without actually shooting.

2. HOMICIDE—JUSTIFIABLE HOMICIDE.—While a man may take life in defense of himself, yet there must be a necessity to kill.

3. HOMICIDE—JUSTIFIABLE HOMICIDE.—While a man may take life in defense of himself, yet the slayer must be without fault in provoking the difficulty.

4. HOMICIDE—JUSTIFIABLE HOMICIDE.—While a man may take life in defense of another, yet the slayer, or the person in whose behalf the slayer strikes, must not only be without fault in provoking the difficulty, but there must be a necessity to kill.

5. HOMICIDE—DEFENSE OF ANOTHER—NECESSITY.—Necessity for killing to save life of another is a matter for the jury.

6. CRIMINAL LAW—QUESTIONS FOR JURY.—In a criminal case, question of preponderance of testimony is for the jury.

Before MOORE, J., Hampton, Fall term, 1916.   Affirmed.

Tillman Harvey and Hurley Harvey were jointly prosecuted for murder.  Tillman Harvey was acquitted, and Hurley Harvey was convicted of manslaughter, and he appeals.

*Mr. Randolph Murdaugh,* for appellant, cites: *As to the right a relative has to act in the defense of his kinsman, who is assailed:* 78 S. C. 253.

*Mr. Solicitor Warren,* for the State-respondent (oral argument).

July 17, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant states his case as follows:

"Tillman Harvey and Hurley Harvey were jointly indicted for the murder of one Henry Breeland.  The circumstances leading up to the killing, as shown by the testimony, are briefly as follows: Tillman Harvey was married about 1 o'clock on the day of the killing, and right after the ceremony left for his home in a buggy, accompanied by his wife and his brother, Hurley Harvey.  While on their way home these parties met the deceased and his father in the public road.  There is a conflict of testimony as to whether the deceased or Tillman Harvey instigated the quarrel.  The

defendants claim that they were attacked by Breeland. The father of the deceased, while present, was so intoxicated that it appears that he knew nothing that took place at the fight. The only witnesses for the State were an old woman and a young child, who knew none of the parties. Between where the fight took place and where these witnesses were, there were tall bushes and small trees. The testimony of these parties, while it tended to show that the defendants were the instigators of the fight, further showed that they could not see very well on account of the bushes, and did not really know who started the fight, and the testimony further shows, and the testimony of the defendants and other witnesses also shows, that deceased was killed at the back of the buggy of the defendants, which was across the road from the buggy of the deceased. The deceased had an open knife in his hand. The defense of the defendants was that Hurley Harvey killed Henry Breeland to save the life of his brother, Tillman Harvey; that the deceased had cut Tillman Harvey, and had the latter backed up against the buggy wheel, and was in the act of stabbing him, when the defendant, Hurley Harvey, shot him. The testimony of other witnesses shows that the deceased was in waiting for Tillman Harvey, and made threats the morning of the killing, and also the evening before, that he was going to kill Tillman Harvey. The deceased and the defendants were brothers-in-law. Upon the trial of the case, the defendant, Tillman Harvey, was found 'not guilty,' while the defendant, Hurley Harvey, who is now the appellant, was convicted of manslaughter."

The appellant comes to this Court on three exceptions.

1. The first exception complains of error in the refusal of the motion for a new trial in that: "It being submitted that the acquittal of Tillman Harvey by the jury 1-3 shows that he was not at fault in bringing on the difficulty, and it follows that, under the charge of the presiding Judge, Hurley Harvey had the right to shoot Henry Breeland, the deceased, to save his brother's life."

It does not follow by any means. Tillman Harvey might have been without fault in provoking the difficulty, and still there might have been no necessity to kill. The defendants were two to one. The father of the deceased was there, but seems to have been helplessly drunk, on appellant's own statement. There was evidence from which the jury might have inferred that the appellant was near enough to catch the arm of the deceased, and thus prevent the killing, or to strike the deceased with the butt of the pistol, and in this way avoid the necessity for taking life. While a man may take life in defense of himself or another, yet the slayer, or the person in whose behalf the slayer strikes, must not only be without fault in provoking the difficulty, but there must be a necessity to kill. The necessity is a matter for the jury. There was no error here.

2. The second exception raises the question of the preponderance of the testimony, and this is a question for the jury.

3. The appellant complains of error, in that the presiding Judge charged the jury that they might convict one defendant and acquit the other. If the theory of the appellant is true, and the deceased made an unprovoked attack on Tillman Harvey, but still there was no necessity for a killing, and the appellant did kill, then the defendant is guilty, and the codefendant is guilty only if he participated in the excess of force, and that was a question for the jury.

The judgment is affirmed.